# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 7772 | **DATE** | 12/13/2010 |
| **CASE TITLE** | Timothy Bell (#868455) vs. Dr. Barry M. Leavitt | | |

**DOCKET ENTRY TEXT**

Plaintiff's complaint (Dkt. No. 1), is dismissed without prejudice. Plaintiff should investigate his case and consider whether he wishes to proceed with it. Plaintiff is on notice that he may face sanctions should he bring a frivolous lawsuit. Plaintiff's amended complaint is due by no later than 1/17/11. Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 4), is denied without prejudice, and his motion for appointment of counsel (Dkt. No. 3), is denied without prejudice.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

Pro Se Plaintiff Timothy Bell has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against Defendant Dr. Barry M. Leavitt, (Dkt. No. 1), a motion for leave to proceed *in forma pauperis* (Dkt. No. 4), and a motion for appointment of counsel. (Dkt. No. 3). For the reasons set forth below, Plaintiff's complaint is dismissed with leave to file an amended complaint. His motion for leave to proceed *in forma pauperis* and his motion for appointment of counsel are both denied without prejudice.

Plaintiff alleges that he is a Sexually Violent Person (SVP) presently in the custody of the Illinois Department of Human Services at the Treatment and Detention Facility (TDF) in Rushville, Illinois, pursuant to the Illinois Sexually Violent Persons Commitment Act, 725 ILCS 207/1 *et seq* (SVP Act). (Dkt. No. 1 at 1-2). According to Dr. Leavitt's report, which is attached to Plaintiff's complaint, Plaintiff was convicted of criminal sexual assault and sentenced to eight years of imprisonment in the Circuit Court of Cook County. (*Id*. at 7). Dr. Leavitt evaluated Plaintiff in February 2006 and produced a report that same month concluding that Plaintiff met the criteria as an SVP under Illinois's SVP Act, and recommended that he be civilly committed. (*Id*. at 7, 8, 16). Dr. Leavitt also testified that Plaintiff met the SVP criteria at Plaintiff's June 2007 SVP trial.

Other doctors have relied upon Dr. Leavitt's report and testimony in 2008, 2009, and 2010 SVP proceedings. Plaintiff's complaint is unclear on this point, but he appears to be referring to the SVP reexamination proceedings when mentioning events in 2008 through 2010. The SVP Act requires a yearly reexamination of SVPs following their initial commitment to determine whether they have made sufficient progress to be conditionally released or discharged from custody. 725 ILCS 207/55(a).

Plaintiff's present complaint alleges that Dr. Leavitt's 2006 report is a lie and that he does not suffer from the mental disorders such as Paraphilia NOS, Sexually Attracted to Non-Consenting Females detailed in

# STATEMENT

the report. To be adjudicated an SVP, the State had to prove beyond a reasonable doubt that Plaintiff had: (1) committed a sexually violent offense; (2) suffers from a mental disorder; and, (3) is dangerous to others because the mental disorder creates a substantial probability that Plaintiff would engage in acts of sexual violence. 725 ILCS 207/15(b), 207/35; *see also Varner v. Monohan*, 460 F.3d 861, 862-83 (7th Cir. 2006); *In re Det. of Varner*, 800 N.E.2d 794, 795-96 (Ill. 2003). Thus, Dr. Leavitt's report and testimony is a significant reason why Plaintiff is presently an SVP. Plaintiff sues Dr. Leavitt for claims of: (1) slander; (2) defamation, (3) making statements that place him in a false light, (4) innuendo, and (5) malpractice. (Dkt. No. 1 at 3-5). He claims that his suit is a "civil action authorized by 42 U.S.C. section 1983 to redress the deprivation under color of state law of rights secured by the [C]onstitution of the [U]nited [S]tates, " and that Defendant was acting under color of state law. (*Id.* at 1). Plaintiff seeks monetary relief.

Plaintiff's complaint is dismissed without prejudice with leave to file an amended complaint because it fails to invoke a proper basis for this Court's subject matter jurisdiction. Plaintiff has the burden of establishing that this Court has subject matter jurisdiction to adjudicate his claims. *Muscarello v. Ogle County Bd. of Comm'rs*, 610 F.3d 416, 425 (7th Cir. 2010) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 809 n.6 (1986)). Plaintiff invokes 42 U.S.C. § 1983. (Dkt. No. 1 at 1). Section 1983 is a cause of action that "authorizes suits to enforce individual rights under federal statutes as well as the Constitution." *City of Rancho Palos Verdes, Cal. v. Abrams*, 544 U.S. 113, 119 (2005) (quoting *Maine v. Thiboutot*, 448 U.S. 1, 4 (1980)). Plaintiff's claims are all state law claims, he does not presently invoke any type of federal claim. *See Taake v. County of Monroe*, 530 F.3d 538, 540 (7th Cir. 2008) ("[T]his case has no place in federal court because it presents only state-law claims that cannot come into federal court by way of a § 1983 claim."); *Goros v. County of Cook*, 489 F.3d 857, 858 (7th Cir. 2007) ("Section 1983 and § 1331 in combination do not allow state-law claims to be litigated in federal court just because the defendant is a state law actor . . . .) (emphasis omitted). Plaintiff's complaint, raising state law claims, is insufficient to invoke this Court's subject matter jurisdiction under either 28 U.S.C. § 1331 or 28 U.S.C. § 1343.

This Court does have jurisdiction to adjudicate state law claims under its diversity jurisdiction of 28 U.S.C. § 1332, but Plaintiff's complaint fails to properly invoke this jurisdiction as well. Diversity jurisdiction requires complete diversity of citizenship between Plaintiff and Defendant and a matter in controversy in excess of $75,000. *Schur v. L.A. Weight Loss Ctr., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009) (citations omitted). Plaintiff does not allege citizenship for either party. He does say that he is custody at the TDF in Rushville, Illinois and that Defendant works in Chicago, Illinois. This does not establish diversity jurisdiction.

Plaintiff's present complaint is dismissed without prejudice with leave to file an amended complaint that properly invokes this Court's jurisdiction. Plaintiff is reminded of his obligation to consider his claims prior to bringing a lawsuit including performing necessary legal research and factual investigation. He should investigate whether his case is properly brought in federal court and the validity of his claims. Plaintiff should be aware that even if he does allege federal claims he will still have to contend with *Heck v. Humphrey*, 512 U.S. 477 (1994). "In *Heck*, the [Supreme] Court held that a state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence,' unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated." *Edwards v. Balisok*, 520 U.S. 641, 643 (1997). The Court understands that Plaintiff is civilly committed but federal courts have applied *Heck* to civil commitment proceedings. *Thomas v. Schmitt*, 380 Fed. Appx. 549, 550 (7th Cir. 2010) (Seventh Circuit Rule 32.1 allows

citation of this non precedential disposition opinions but the Court recognizes it is not binding precedent); *Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1139-40 (9th Cir. 2005); *Bauer v. Reidda*, No. 10 C 1376, 2010 WL 2990036, at *1 (N.D. Ill. July 26, 2010); *Schloss v. Reidda*, No. 10 C 3855, 2010 WL 2891635, at *1 (N.D. Ill. July 20, 2010); *Lieberman v. Budz*, No. 03 C 2009, 2007 WL 1810493, at *13 (N.D. Ill. June 19, 2007). Given that the Court does not have subject matter jurisdiction, Plaintiff's motion to proceed *in forma pauperis* is denied without prejudice.

Furthermore, Plaintiff should consider Defendant's plausible defenses to his claims. Defendant will likely assert that he is immune from a civil suit. *See Bauer*, No. 10 C 1376, 2010 WL 2990036, at *2 (holding that doctor hired by State to make SVP evaluation was immune from suit for his evaluation); *Schloss*, No. 10 C 3855, 2010 WL 2891635, at *1 (same). The Court also notes that Plaintifff's allegations arise from the 2006 report and 2007 testimony. Illinois has a one-year statute of limitations for actions for slander, libel or for publication of a matter violating the right to privacy. 735 ILCS 5/13-201; *Davis v. Cook County*, 534 F.3d 650, 654 (7th Cir. 2008). Equally, Illinois has a two or four year statute of limitations for medical malpractice claims depending on the circumstances. 735 ILCS 5/13-212. Should Plaintiff conclude that he does not wish to proceed with his claims, he may voluntarily dismiss his case by filing a notice of dismissal with the Court pursuant to Federal Rule of Civil Procedure 41(a)(1)(A).

If Plaintiff chooses to file an amended complaint, he must write both the case number and the Judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. As with every document filed with the Court, Plaintiff must provide an extra copy for the Judge; he must also submit a service copy for each Defendant named in the amended complaint. Plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations against all Defendants must be set forth in the amended complaint, without reference to the original complaint. Any exhibits Plaintiff wants the Court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits. Plaintiff is advised to keep a copy for his files.

Plaintiff's motion for appointment of counsel (Dkt. No. 3), is denied without prejudice. "There is no constitutional or statutory right to counsel in federal civil cases," but this Court does have "discretion under 28 U.S.C. § 1915(e)(1) to request counsel for an indigent litigant." *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (en banc); *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006); *Farmer v. Haas*, 990 F.2d 319, 323 (7th Cir. 1993)). In determining whether to request counsel to represent plaintiff, this Court considers whether: (1) plaintiff "has made reasonable attempts to secure counsel on his own;" and, if so, (2) "the complexity of the case and whether the plaintiff appears competent to litigate it on his own." *Romanelli*, 615 F.3d at 851-52 (citing *Pruett*, 503 F.3d at 654-55). This Court has discretion in determining whether to recruit counsel for a pro se plaintiff. *Jackson v. Kotter*, 541 F.3d 688, 700 (7th Cir. 2008) (quoting *Pruitt*, 503 F.3d at 655).

Plaintiff provides no evidence that he has attempted to secure his own counsel and so the Court cannot appoint counsel for him at this time. Plaintiff should contact law firms and legal service organizations to request representation. It is the Court's experience that individuals requesting appointment of counsel traditionally provide copies of these letters declining requests for representation to demonstrate a reasonable attempt to obtain counsel. Plaintiff is instructed that he should provide these letters in any renewed request for appointment of counsel.

**STATEMENT**

In summary, Plaintiff's complaint (Dkt. No. 1), is dismiss without prejudice. Plaintiff should investigate his case and consider whether he wishes to proceed. He is warned that he may face sanctions should bring a frivolous lawsuit. Plaintiff's amended complaint is due by no later than January 17, 2011. Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 4) and his motion for appointment of counsel (Dkt. No. 3) are denied without prejudice.